

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00152-CR

JOHN ELIE LEBLANC, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 45834-A

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

On July 3, 2019, John Elie LeBlanc's deferred adjudication community supervision was revoked, his guilt was adjudicated, and he was sentenced to five years' imprisonment. On appeal, LeBlanc complains that the clerk's certified bill of costs erroneously reflects that the trial court assessed him an attorney fee of $816.00 and that he was assessed a fine of $1,500.00 when no fine was orally pronounced at his sentencing. We agree. Because the bill of costs was incorporated into the judgment, we will modify the trial court's judgment and the clerk's bill of costs by changing the attorney fee to $476.00 and the fine to $0.00.

## I.    Background

On February 17, 2017, LeBlanc pled guilty to two counts of aggravated assault. The trial court received his plea and, pursuant to a plea agreement, deferred adjudication of his guilt; assessed him a $1,500.00 fine, court costs of $249.00, and attorney fees of $476.00; and placed him on community supervision for ten years. Two and one-half years later, the trial court revoked LeBlanc's community supervision, adjudicated his guilt, and sentenced him to five years' imprisonment. When pronouncing LeBlanc's sentence, the trial court did not orally impose a fine as part of his sentence.

The first page of the trial court's written judgment adjudicating guilt reflects a punishment of five years and contains no entries under the headings "Fine" and "Court Costs." At the bottom of the second page, the judgment recites the following under the heading "Special Findings and Orders:

> THE COURT ORDERS ALL COURT-ORDERED PAYMENTS, IF ANY,
> SUSPENDED WHILE DEFENDANT IS IN CUSTODIAL SUPERVISION, AND

2

SUCH PAYMENT SHALL BE REINSTATED THIRTY DAYS AFTER THE DATE OF DEFENDANT'S DISCHARGE FROM CUSTODIAL SUPERVISION.

Page 3 of the judgment contains a certified bill of costs reflecting total costs of $2,780.00, including $816.00 for "Attorney Fee," and $1,500.00 for "Fine." The final page of the judgment contains the signature of the trial judge. Thus, it appears that the trial court intended to incorporate the bill of costs into its written judgment.

## II. The Judgment and Bill of Costs Must Be Modified

In his first issue, LeBlanc complains that the bill of costs erroneously assessed him court-appointed attorney fees.[1] A trial court may order the reimbursement of court-appointed attorney fees only "[i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong*, 340 S.W.3d at 765–66 (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

The record in this case shows that LeBlanc was found to be indigent and that LeBlanc was represented by court-appointed counsel throughout these proceedings. Once a defendant is found to be indigent, he "is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM.

---

[1]Court-appointed attorney fees contained in a certified bill of costs are effective, whether orally pronounced and whether incorporated in the written judgment. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).

3

PROC. ANN. arts. 26.04(p) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd).

The record shows that LeBlanc was assessed $816.00 in court-appointed attorney fees. However, this amount included $476.00 in court-appointed attorney fees in the order of deferred adjudication. Complaints regarding the imposition of court costs in an order of deferred adjudication are required to be asserted in a timely appeal of that order. *See Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014). This includes complaints about the assessment of court-appointed attorney fees. *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013). If a defendant has knowledge of the imposition of court-appointed attorney fees in a deferred adjudication order and fails to make a timely appeal of that order, he forfeits any complaint about court-appointed attorney fees assessed in the order. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015); *Wiley*, 410 S.W.3d at 318, 321. Consequently, he may not assert the complaint in an appeal from a judgment adjudicating his guilt. *Riles*, 452 S.W.3d at 337; *Wiley*, 410 S.W.3d at 321.

The record in this case shows that LeBlanc signed, and his right thumb print was embossed on, the order of deferred adjudication. In addition, the order establishing LeBlanc's conditions of community supervision, also acknowledged by LeBlanc with his signature, provided that he would pay $476.00 in court-appointed attorney fees as a term of his community supervision. Under this record, we conclude that LeBlanc was aware that he was required to pay the court-appointed attorney fees. *See Wiley*, 410 S.W.3d at 320–21. Since he failed to timely appeal the deferred

4

adjudication order, any complaint regarding the $476.00 in court-appointed attorney fees assessed in that order has been forfeited. *See Riles*, 452 S.W.3d at 338; *Wiley*, 410 S.W.3d at 321.

Even so, the record contains no evidence (1) that LeBlanc's financial circumstances have changed since the order of deferred adjudication or (2) that he had the ability to pay the court-appointed attorney fees. Consequently, the assessment of the additional $340.00 for court-appointed attorney fees was error. We sustain LeBlanc's first issue as to the additional $340.00 in attorney fees.

In his second issue, LeBlanc complains that it was error to impose a fine of $1,500.00 in the written judgment and certified bill of costs since the trial court did not orally pronounce the fine at his sentencing. We agree.

In this case, the trial court imposed a $1,500.00 fine in its deferred adjudication order. When the trial court adjudicated LeBlanc's guilt, it did not orally pronounce a fine, yet, a fine was included in the certified bill of costs that was incorporated into the written judgment. "[W]hen an accused receives deferred adjudication, no sentence is imposed." *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). If his guilt is subsequently adjudicated, "the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine." *Id.* When there is a conflict between the oral pronouncement of sentence in open court, which includes any imposition of a fine, and the written judgment, the oral pronouncement controls. *See id.* (citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)). Since the trial court did not orally pronounce a fine, the assessment of a fine in the judgment and bill of costs was error. We sustain LeBlanc's second issue.

5

"Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non reversible error.'" *Walker*, 557 S.W.3d at 690 (quoting *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) ("comprehensively discussing appellate cases that have modified judgments")). We modify the trial court's judgment by changing the assessment of attorney fees to $476.00 and changing the fine to $0.00. We also modify the certified bill of costs by changing the amount for "Attorney Fee" to $476.00, by changing the amount for "Fine" to $0.00, and by changing the amount for "Total Costs" to $940.00.

## III.    Disposition

For the reasons stated, we modify the trial court's judgment by changing the assessment of attorney fees to $476.00 and changing the fine to $0.00. We modify the certified bill of costs by changing the amount for "Attorney Fee" to $476.00, by changing the amount for "Fine" to $0.00, and by changing the amount for "Total Costs" to $940.00. As modified, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:    March 25, 2020
Date Decided:    March 26, 2020

Do Not Publish

6